UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOHN PATTERSON,

                Plaintiff,

    -against-

J.P. MORGAN CHASE BANK,

                Defendant.
----------------------------------------------------------------X

ORDER
12-CV-2198 (SJF)(GRB)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ JAN 1 6 2013 ★

LONG ISLAND OFFICE

FEUERSTEIN, J.

On May 3, 2012, John Patterson ("plaintiff") commenced this action against J.P. Morgan Chase Bank, N.A. ("defendant") alleging that defendant violated plaintiff's constitutional rights and unspecified federal laws by the manner in which it responded to a tax levy issued with respect to certain bank accounts jointly held by plaintiff. Defendant now moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the motion is GRANTED.

I.     Background

Plaintiff and his wife, Ingrid Gordon-Patterson, maintained two (2) jointly held accounts with defendant. See Complaint [Docket Entry No. 1] ("Compl.") Ex. 2; Plaintiff's Response to the Defendant's Motion to Dismiss Complaint [Docket Entry No. 13-6] ("Pl. Memo.") at 1. In February 2011, defendant placed a hold on the accounts pursuant to a levy issued by the New York State Department of Taxation and Finance (the "Tax Department") to collect taxes allegedly owed by plaintiff's wife. See Compl. Ex. 1. Plaintiff does not dispute that the accounts were jointly held but asserts that he was separated from his wife at the time and that defendant deprived him of an opportunity to dispute the validity of the levy with the Tax Department. Pl. Memo. at 1. Specifically, plaintiff alleges as follows:

1

> It was alleged that [plaintiff's] spouse owed the State of New York a Tax debt from her 2010 taxes filed. Wherefore, the Chase Bank placed a lean detainer on both the Plaintiff's checking and savings accounts. However, at no time did the bank notify the Plaintiff of any such action, or detainer as a result of the alleged debt. Whereas, the plaintiff in this action is the primary account holder, and had the right to know that a lean for judgment had been placed against the accounts. Moreover, this action was only brought to the attention of the Plaintiff when the Plaintiff attempted to withdraw funds from his checking account. . . . Plaintiff was then instructed what could be done to have his funds returned, and what documents that needed to be sent, by fax, as proof that Plaintiff is, indeed, the sole and primary account holder, and that all deposits were made by the Plaintiff. This was done. The Chase Bank, in return, agreed to hold the foregoing action, until the documentation was provided to the New York State Dept., of Finance, and would wait to be contacted of confirmation. The New York State Dept., of Finance was in agreement as well. However, the Chase Bank did not keep their agreement, and arbitrarily sent forth all the Plaintiff's funds from both checking and savings accounts to the New York State Finance Dept. The New York State Dept., of Taxation was contacted by Plaintiff and was informed that the Chase Bank did not wait for their confirmation of the proof of documentation sent.

Compl. at 4. According to plaintiff, the foregoing actions by defendant violated plaintiff's constitutional due process rights under the Fifth and Fourteenth Amendments and certain unspecified "Federal Laws" and "Bank Laws." Id. at II.

II.  Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. at 678 (quoting Twombly, 550 U.S. at 557).

The Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Matson v. Bd. of Educ. of the City Sch. Dist. of

N.Y., 631 F.3d 57, 63 (2d Cir. 2011); see also Ruston v. Town Bd. for the Town of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010) ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "A complaint is [also] deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004) (citations omitted).

III. Discussion

    A. Constitutional Claims

In order for plaintiff to assert a colorable claim that defendant violated his due process rights under the Fifth and Fourteenth Amendments, he "must show that [defendant's] conduct constituted state action; otherwise, there is no constitutional violation." Perpetual Sec., Inc. v. Tang, 290 F.3d 132, 137 (2d Cir. 2002). See also Jackson v. Metro. Edison Co., 419 U.S. 345, 349 (1974) ("[P]rivate action is immune from the restrictions of the Fourteenth Amendment . . . ."); Desiderio v. Nat'l Assoc. of Sec. Dealers, 191 F.3d 198, 206 (2d Cir. 1999) ("A threshold requirement of plaintiff's [Fifth Amendment due process claim and other] constitutional claims is a demonstration that in denying plaintiff's constitutional rights, the defendant's conduct constituted state action."). Because defendant is a private actor, "'state action may be found if, though only if, there is such a close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" Perpetual, 290

F.3d at 137 (quoting Brentwood Academy v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001) (internal quotation marks omitted)).

The "[m]ere compliance with a state-issued levy will not transform a private bank and its employees into state actors." Temple v. N.Y.S. Dep't of Taxation and Fin., No. 11-CV-759, 2012 WL 503618, at *7 (E.D.N.Y. Feb. 15, 2012) (citing McCarthy v. Wachovia Bank, N.A., 759 F. Supp.2d 265, 276-77 (E.D.N.Y. 2011) ("Even if plaintiff were able to demonstrate a constitutional violation, his Section 1983 claim would still fail because the defendants were not acting under color of state law when they restrained his bank account.")). Since plaintiff merely alleges that defendant transferred money from the jointly held accounts pursuant to a levy issued by the Tax Department, he has failed to allege that defendant's conduct constituted state action. Accordingly, plaintiff's constitutional claims are dismissed.

B.   Other Claims

In addition to the constitutional claims, plaintiff asserts that defendant's conduct violated unspecified federal laws.[1] Defendant was authorized to comply with the levy by New York state law, see N.Y. C.P.L.R. § 5232(a) ("A levy by service of the execution is effective only if . . . the judgment creditor or support collection unit has stated in a notice which shall be served with the execution . . . that the judgment debtor or obligor has an interest in specified property not capable of delivery in the possession or custody of the person served. . . . The person served with the execution shall forthwith transfer all such property . . . to the sheriff or to the support collection unit . . . ."), and plaintiff fails to provide any legal support for the assertion that the specific manner in which defendant complied with the levy was unlawful under state or federal law.

---

[1] The only reference to a specific federal law in plaintiff's submissions to the Court is an assertion that defendant violated "Section 39 FDIC." Pl. Memo. at 3. Assuming that plaintiff is referring to section 39 of the Federal Deposit Insurance Act, 12 U.S.C. § 1831p-1, this statute is not relevant to plaintiff's claims. See Defendant's Reply Memorandum in Further Support of Chase's Motion to Dismiss [Docket Entry No. 13-7] at 4.

4

Furthermore, the terms of the agreement governing the accounts (the "Account Agreement") authorize defendant to comply with a levy issued with respect to a joint account holder. See Affidavit of Deborah V. Charlemagne [Docket Entry No. 13-1] ("Charlemagne Aff.") Ex. A-C. The Account Agreement provides that defendant may "pay all or any part of the funds in the account to . . . a court or governmental agency upon receipt of a . . . tax levy . . . identifying any one of the joint owners." Id. Ex. C at 15-16.[2] The Account Agreement further provides that "[i]f any legal process, including . . . any levy, is served on [defendant] relating to [plaintiff's] account, [defendant is] authorized to comply with the legal process, and [is] not required to determine whether the court issuing the legal process had . . . the authority to issue the legal process." Id. at 19. Although plaintiff asserts that defendant promised not to take action in response to the levy until receiving "confirmation" from the Tax Department, the Account Agreement provides that "[i]f a conflict exists between any provision of [the Account Agreement] and the statements made by any employee of [defendant], [the Account Agreement] and the applicable section will control. Id. Moreover, even if the specific manner in which defendant complied with the levy was improper, the Account Agreement forecloses any claim for consequential damages. Id. ("[Plaintiff] agree[s] to indemnify, defend and hold [defendant] harmless from all actions, claims, liabilities, losses, costs and damages, . . . associated with [defendant's] compliance with any legal process."). Plaintiff fails to offer any reason that he should not be bound by the terms of the Account Agreement. See, e.g., Teah v. Macy's Inc., No. 11-CV-1356, 2011 WL 6838151, at *5 (E.D.N.Y. Dec. 29, 2011) ("'[U]nder New York law, in the absence of fraud or other wrongful conduct, a party who signs a written contract is

---

[2]   The Account Agreement is "integral" to the complaint, as plaintiff is challenging defendant's authority to comply with the levy, and therefore may be considered by the Court in deciding the pending motion. Sira, 380 F.3d at 67. See also Temple, 2012 WL 503618, at * 7 ("Since plaintiff challenges the authority by which State Farm released money from plaintiff's account, his agreement with State Farm is integral to the complaint.").

conclusively presumed to know its contents and to assent to them, and he is therefore bound by its terms and conditions.'") (quoting Progressive Cas. Ins. Co. v. C.A. Reaseguradora Nacional De Venezuela, 991 F.2d 42, 46 (2d Cir. 1993)).

As defendant was authorized to comply with the levy by both state law and the Account Agreement, plaintiff has failed to offer any reason that the manner in which defendant complied was unlawful under federal law, and any claim for consequential damages as a result of the levy is contractually precluded, plaintiff's non-constitutional claims are dismissed.

C. Leave to Amend

The Court "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir.2000) (internal quotation marks omitted). Here, an opportunity to re-plead would be futile, as plaintiff's claims are clearly barred by well-established law and the terms of the Account Agreement. See Temple, 2012 WL 503618, at *7. Accordingly, leave to amend the complaint is denied.

III. Conclusion

For the foregoing reasons, defendant's motion to dismiss the complaint [Docket Entry No. 13] is granted, and plaintiff's complaint is dismissed with prejudice. The Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated: January 16, 2013
Central Islip, New York

6